**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------
J.S. and I.S., individually,
and on behalf of their disabled son, J.S.,

                                    Plaintiffs,

                                                        1:22 - CV- 4097

        - against -                                     **COMPLAINT**

New York City Department of Education,

                                    Defendant.

------------------------------------------------------------------

Plaintiffs J.S. and I.S. individually, and on behalf of their son, J.S., by their attorneys,

Mayerson & Associates, as and for their Complaint against defendant, the New York City

Department of Education ("DOE"), allege and state the following:

## NATURE OF THIS ACTION

1.  This is an action to recover attorneys' fees and related incidental costs and

    disbursements pursuant to the express fee-shifting provisions set forth in the

    federal Individuals with Disabilities Education Act (IDEA).

2.   As alleged below in greater detail, plaintiffs acquired standing to seek such relief

    by reason of having emerged from the administrative proceedings below as the

    "substantially prevailing party," following the hearing officer's award of valuable

    tuition reimbursement and bus transportation relief and her core, predicate finding

    that defendant had deprived J.S. of a "free and appropriate public education"

    (FAPE).

3.  Defendant had every opportunity to avoid an unfavorable outcome at trial. As

    alleged below, after advising the assigned Impartial Hearing Officer on the record

during a November 20, 2018 conference that plaintiffs' pleaded claims were "in for settlement," (Tr. 2), and despite plaintiffs' efforts over a period of months to work within defendant's system to achieve a satisfactory settlement of plaintiffs' tuition reimbursement claim, defendant ultimately squandered its opportunity to settle and avoid going to hearing and thus risked having to pay plaintiffs' attorneys' fees in *addition* to the student's tuition.

4.   Defendant then compounded the risk of loss by not calling a single witness, not introducing any evidence, and not even making an opening statement. In so doing, defendant charted its own course and saddled itself with the loss that has now provided plaintiffs with standing to recoup their reasonable attorneys' fees.[1]

### THE PARTIES

5.  Plaintiff J.S., known to defendant as student #204785612, has been diagnosed with Autism Spectrum Disorder (ASD) and Attention Deficit Hyperactive Disorder (ADHD). Plaintiff J.S. resides within this District with his parents. [2]

6.  Plaintiff J.S. is J.S.'s father, residing with J.S. within this District.

7.  Plaintiff I.S. is J.S.'s mother, residing with J.S. within this District.

8.  Defendant, the New York City Department of Education ("DOE"), is the "local educational agency" obligated under IDEA to provide J.S. and other eligible students

---

[1] History need not repeat itself.  Plaintiffs respectfully request referral to a magistrate judge or to a special master to ascertain whether plaintiffs' fee claim can be resolved early on, without the need for a formal adjudication, thus effectively mitigating defendant's ongoing exposure for "fees on fees."

[2] Plaintiffs, although known to defendant, are being identified here only by their initials because of the confidentiality guaranteed by the Federal Educational Rights and Privacy Act (FERPA).  Upon request, additional identifying information will be made available to the Court *in camera*.

with disabilities with a "free and appropriate public education" (FAPE).  Defendant DOE maintains its principal offices within this District at 100 Church Street, 4th Floor, New York, NY 10007.

## JURISDICTION AND VENUE

9.  This Court has jurisdiction over plaintiff's fee claims by virtue of the federal IDEA statute's express fee-shifting provisions.  Venue is proper in this District because the parties all reside or have their principal offices located in this District.

## THE UNDERLYING PROCEEDINGS

10.  Plaintiffs filed a Demand for Due Process on or about September 11, 2018. In support of plaintiffs' tuition reimbursement claim, plaintiffs alleged and the documentary evidence established that defendant failed to offer the student a public school placement until *after* the school year had already begun. (P-A)[3] Plaintiffs' reimbursement claim was then assigned to Hearing Officer Suzanne Carter.

11. On November 20, 2018, just two months after the initial filing date, the DOE's counsel represented to Hearing Officer Carter that the matter was "in for settlement." (Tr. 2)  After the parties reached an agreement in principle to continue to bus the plaintiff student to school and to fund his school tuition for the school year in question, a draft stipulation of settlement was provided for defendant's review.  The parties exchanged multiple emails regarding further modifications to the draft stipulation and plaintiffs J.S. and I.S. signed the stipulation on or about April 5, 2019 i.e. 7 months into the case. However, defendant still had not signed.

---

[3] Reference is made to the exhibits that plaintiffs successfully offered into evidence at the underlying impartial hearing. All of plaintiffs' proposed exhibits were received and admitted into evidence by the Impartial Hearing Officer (IHO Suzanne Carter)(Tr. 8-10).

12.  Upon information and belief, despite the fact that the NYC Controller is not named as a defendant in administrative hearings and has no direct role as a litigant, the NYC Controller's Office is effectively in control of the DOE entering into or rejecting proposed settlements.  The Controller must authorize any offer of settlement *before* the offer is made, based on information and submissions that are made by the plaintiff student and his or her family. Unfortunately, each year, a number of IDEA cases must be tried because Controller approval could not be secured in time to obviate the need for a hearing.

13.  Ultimately, given defendant's counsel's representation at a November 20, 2018 conference that the "case is in for settlement," IHO Carter set June 5, 2019 as the start date for a full hearing on the merits due to the inordinate time that had elapsed (7 months) without a fully executed settlement stipulation to show for it.

14.  Plaintiffs and their counsel would have preferred a settlement over a trial. Plaintiffs were required to schedule and prepare for a hearing on the merits, including compiling and reviewing documentary disclosures, preparing potential witness testimony, developing litigation strategy and arguments, conferring with clients, and all associated trial preparation activities.  At the same time, plaintiffs continued following up with defendant to see if the stipulation could be executed in advance of the hearing on the merits.

15.  Defendant failed to timely have the stipulation executed and the matter proceeded to a hearing on the merits on June 5, 2019.

16. By Decision dated July 8, 2019, following an evidentiary hearing and plaintiffs' motion for summary judgment, IHO Carter, a specially trained hearing officer, sustained

plaintiffs' claim that defendant had failed to provide plaintiff J.S. with a FAPE for the 2018-2019 school year. By way of relief, the hearing officer ordered defendant DOE to fund J.S.'s $100,000+ tuition at Children's Academy

8. Pursuant to plaintiffs' June 7, 2018 engagement letter, plaintiffs' counsel recorded $33,315 in fees and an additional $174.55 in incidental costs and disbursements. So far, this Court's filing fee and time recorded has added approximately another $5,000 for defendant to account for. Against this indebtedness, plaintiffs have paid $6,021.62.

17. Defendant never appealed from the July 8, 2019 Decision. Accordingly, that decision became final and non-appealable and plaintiffs thus emerged from the 2018-2019 school year hearing as the substantially prevailing party.

18. Plaintiffs are entitled to recover "fees on fees" and the costs of this action.

19. Plaintiffs would prefer to resolve their fee claim without Court intervention, but not if that requires plaintiffs to accept a grossly inadequate amount that bears no relation to the fees and costs that were recorded to obtain the excellent result that was achieved for J.S. and his parents.

20. Accordingly, by reason of the foregoing, we respectfully submit that this Court should render a fee award for the underlying proceeding in the principal sum of not less than $33,489.55 plus the fees and costs of this action, presently in the sum of approximately $5,000.

Dated: New York, New York
        May 19, 2022

_Gary S. Mayerson_
Gary S. Mayerson
Mayerson & Associates
330 W 38th Street Suite 600
New York, NY 10018